IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUSAN D. TIESING,

    Plaintiff,                                    CIV. NO. S- 07-1281 LKK GGH PS

    vs.

WAL-MART STORES, INC.,

    Defendant.                              ORDER AND FINDINGS AND
                                                      RECOMMENDATIONS
_____/

        Plaintiff is proceeding pro se and has paid the requisite filing fee. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1). Pending before the court is defendant's motion to dismiss for failure to state a claim, or in the alternative motion for more definite statement, filed August 24, 2007.[1] Plaintiff has not filed an opposition.

BACKGROUND

        The complaint alleges that Wal-Mart Stores, Inc. ("Wal-Mart"), as a "breach defendant," "owed a legal duty to plaintiff to repay the amount on or before the date agreed upon for the amount agreed upon at the commence [sic] of the agreement." (Compl. at ¶ 10.) The causes of action include breach of a written agreement, declaratory relief, and

---

[1] Hearing on the motion was vacated from the September 27, 2007, calendar as the court determined oral argument was not necessary.

1

fraud/misrepresentation. Plaintiff contends that she performed her obligations under the terms of the agreement, but that Wal-Mart has not performed its obligations under that contract. (Id. at ¶ 14.) Finally, plaintiff claims that Wal-Mart obtained products from plaintiff through false pretenses by promising to pay plaintiff for them. (Id. at ¶ 17.) The complaint provides no other information about the contract. Plaintiff seeks "in excess of $53,406.26," which plaintiff claims is the amount under the contract, and which provides original jurisdiction. (Id. at ¶¶ 17, 3.) Therefore, plaintiff appears to allege diversity jurisdiction. Plaintiff also seeks "exemplary and punitive damages," as well as interest and attorney's fees. (Id. at 4.) The amount in controversy does not exceed $75,000, however.

DISCUSSION

Defendant moves to dismiss or for more definite statement because the complaint is vague and ambiguous and fails to allege any facts establishing a contract between the parties or identify any actual controversy, and because the claim for fraud and/or misrepresentation fails to meet the pleading standards under Fed. R. Civ. P. 9(b).

A district court has an independent duty to examine its own jurisdiction, which is ordinarily determined from the face of the complaint. Sparta Surgical Corp. v. National Ass'n. of Securities Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998), quoting Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 43, 118 S. Ct. 956, 966 (1998), and Ultramar America Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990).

In determining the jurisdictional amount in controversy for diversity jurisdiction, both compensatory and punitive damages must be considered to the extent they are recoverable and to the extent claimed.[2] Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996). See generally Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089 (9th Cir. 2003); Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages are

---

[2] Interest and costs are excluded from the amount in controversy. Lamke v. Sunstate Equipment Co., 319 F. Supp.2d 1029, 1031 (N. D. Cal. 2004).

included in the amount in controversy). When punitive damages are needed in order to satisfy the amount in controversy requirement, it must be determined whether they are in fact recoverable as a matter of state law. If so, there is diversity jurisdiction unless "it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.' " Anthony at 315, quoting Cadek v. Great Lakes Dragaway, Inc., 58 F.3d 1209, 1212 (7th Cir. 1995). "When a claim for punitive damages makes up the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction, we should scrutinize that claim closely." Id.

Under California law, punitive damages are not recoverable for breach of contract even where the breach is gross or willful. Cates Const. Inc. v. Talbot Partners, 21 Cal. 4th 28, 61 (1999); Tibbs v. Great Am. Ins. Co., 755 F.2d 1370, 1375 (9th Cir.1985). Thus, plaintiff's claim for punitive damages for the alleged breach of contract is limited to compensatory damages only. See Cal. Civ. Code § 3294.

In this case, the complaint is defective in failing to assert any facts detailing the terms of the alleged contract, and therefore it is impossible to ascertain whether California law applies. Defendant, although arguing that the complaint fails to state a claim, states in a footnote that to the extent plaintiff seeks recovery on a specific contract entered into by her company and Wal-Mart on July 27, 2005, the contract required that "the federal and/or state courts of Benton and Washington County, Arkansas, shall have exclusive jurisdiction over any actions or suits relating thereto." Def.'s Mot. at 2, n. 2. Therefore, California law may not apply. In any event, plaintiff has not alleged that California law provides for punitive damages in this case. Nor does it appear that plaintiff would be entitled to recover an amount even close to the $75,000 jurisdictional requirement.

Amendment is only permitted where there is no question that jurisdiction exists, and the amendment serves to cure formal defects only. Snell v. Cleveland, Inc., 316 F.3d 822, 828 (9th Cir. 2002). Plaintiff has therefore failed to allege the jurisdictional basis for bringing

this case in federal court.  The claim asserted by plaintiff does not involve a federal question, and if diversity of citizenship is the basis of jurisdiction, the amount in controversy does not exceed the required jurisdictional amount.

CONCLUSION

Because the court has no jurisdiction over this action, it is unable to address defendant's motion.  Therefore, IT IS ORDERED that the motion to dismiss, filed August 24, 2007, is vacated from the calendar.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice for lack of subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 02/25/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:Tiesing1281.mtd.wpd